**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | **Chapter 11** |

## GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, collectively, the "Schedules and Statements") filed by Deep Marine Holdings, Inc., Deep Marine Technologies, Incorporated, Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC (collectively, the "Debtors"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors with the assistance of its advisors and are unaudited. While the Debtors have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtors' books and records may result in material changes to financial data and other information contained in the these Schedules and Statements, and inadvertent errors or omissions may exist. Moreover, the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in the Schedules and Statements and comprise an integral part of each of the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of rights or admission with respect to the Debtors' chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover  assets or avoid transfers.

1. **Company Background.**  The Debtors are privately-held companies in Houston, Texas that provide subsea services for the offshore oil and gas industry.  The Debtors offer remote operated vehicles ("ROVs"), subsea construction and field development works, subsea intervention tasks and inspection and repair services.

2. **Description of the Cases and "As Of" Information Date.** On December 4, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition with the Bankruptcy Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") under case numbers 09-39313, 09-39314, 09-39315, 09-39316, 09-39317 and 09-39318. A request to consolidate the cases for procedural purposes only was filed and granted under Case No. 09-39313. The Debtors are currently operating their businesses as debtors-in-possession pursuant to the Bankruptcy Code.  Except as noted in the Schedules and Statements, all asset and liability data contained in the Schedules and Statements are stated in United States currency as of December 4, 2009. In some instances, the Debtors have used estimated amounts where actual data as of December 4, 2009 was not available.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between pre-petition and post-petition periods.  While reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and/or supplement their Schedules and Statements as is necessary and appropriate.

3. **Basis of Presentation.** For financial reporting purposes, the Debtors prepare consolidated financial statements, which include financial information for Deep Marine Holdings, Inc. and all subsidiaries, which in the past have been audited. Unlike the consolidated financial information included in the Debtors' audited financial statements, the Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited books and records. Each Debtor generally maintains its accounting records in accordance with Generally Accepted Accounting Principles ("GAAP") used in the United States. However, these Schedules and Statements, which are prepared in accordance with the Bankruptcy Code, do not purport to represent financial statements prepared in accordance with GAAP, nor or they intended to be fully reconciled to any consolidated or unconsolidated financial statements of the Debtors.

4. **Undetermined Amounts.**   The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

5. **Summary of Significant Reporting Policies.**  The Debtors use one cash management system through which the Debtors pay substantially all liabilities and expenses.  To close the books and records of the Debtors to prepare the Schedules and Statements, the Debtors were required to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of contingent assets, and the reported revenue and expenses during the reporting period. Actual results could differ from those estimates.   Certain receivable and payable amounts listed in the Schedules and Statements are accrued totals and have no bearing on actual recoverable or owed amounts.  In addition, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

   a. *Debtors.* While separate schedules and statements have been filed for each of the Debtors to the best of the Debtors' knowledge, information, and belief, not all intercompany balances and interests may be reflected in this manner.  Each Debtor's

Schedules and Statements were prepared using the assets and liabilities of that Debtor pursuant to that Debtor's accounting records. Certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis.

b. *Net Book Value*. Unless otherwise noted, the Schedules and Statements reflect the net book value of the assets and liabilities as listed in the Debtors' books and records as of December 4, 2009, and are not based upon any estimate of their current market values, which may not correspond to book value. In addition, the amounts shown for certain assets and liabilities are identified as "unknown" or "undetermined" and, thus, ultimate assets and liabilities may differ materially from those stated in the Schedules and Statements.

a. *Foreign Currency.* Unless otherwise indicated, all amounts are reflected in U.S. dollars.

b. *Paid Claims.* The Debtors have sought and have been granted authority to pay certain outstanding pre-petition claims pursuant to certain "first day" motions. The Debtors reserve all rights to file amended Schedules and Statements to reflect payment of certain pre-petition claims pursuant to any authority granted to them by the Bankruptcy Court.

c. *Intercompany Receivables and Payables.* Each Debtor may have one or more intercompany receivable and/or payable amounts. For purposes of the Schedules and Statements, intercompany claims have been grouped into the following categories:

   i. Intercompany Accounts Receivable/Payable – regular accounting transactions between debtor entities occurring during an intra-month period; and

d. *Insiders.* The Debtor has included in Statements 3c and Statements 23 all payments made during the one year period preceding the Petition Date to any individual deemed an "insider." The Debtor has defined "insider" as any individual that has served as either a corporate officer or director of a Debtor within the one-year period prior to the Petition Date. Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

e. *Categories or Labels for Purpose of Presentation in Schedules and Statements.* Information requested by the Schedules and Statements requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled. The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements and within the time constraints imposed. The Debtors' reserve the right to modify, change or delete any information in the Schedules and Statements by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

f. *Certain Questions in Statements for Information Relating to a Specified Time Period.* Certain questions in the Statements require to Debtors to present certain information for time periods as long as ten (10) years prior to the Petition Date.  The Debtors' business originated in 2002.  Thus, in responding to such questions that request information prior to that date, the Debtors have only listed items or transactions from the date of the formation of the Company.

g. *Net Operating Losses.*  The Debtors may have NOLs in certain taxing jurisdictions the amounts of which are not included in the Statements and Schedules and no estimate of value has been provided.

## 6. Statements of Assets and Liabilities

a. *Schedule B – Personal Property.*

   i. *Scheduling.*  Certain personal property of the Debtors could arguably be listed in response to more than one Schedule B question. In such cases, the Debtors have endeavored to list such property once in the most appropriate category.

   ii. *Stocks and Interest in Incorporated and Unincorporated Businesses.* Certain of the Debtors have ownership interests in other Debtors.  All equity ownership of other Debtors affiliates are listed on supporting Schedule B-13. For purposes of these Schedules and Statements, the Debtors have listed the value of such investments as "Unknown" because the fair market value is dependent upon numerous variables and factors and may differ significantly from the net book value.

   iii. *Accounts Receivable.* Trade accounts receivable are listed on supporting schedule B-16 and are shown net of the applicable allowance for uncollectable accounts.

   iv. *Causes of Action and Other Contingent or Unliquidated Amounts Owed Debtor.* The Debtors have not set forth causes of action against third parties as assets on Schedule B. The Debtors reserve all of their rights with respect to any causes of action that they may have. Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

   v. *Property, Plant and Equipment.* Assets listed on supporting Schedules B-25, B-26, B-28 and B-29 for the various Debtors are reflected at net book value.  Such amounts may not approximate fair market value for such assets.  Items listed on Schedule B-26 for Deep Marine Technology, Inc. include capitalized dry dock repairs and certain capital build-out additions to the Debtors' four owned vessels. The remaining net book value of the initial capitalized purchase price of each of the four vessels are reflected on the Schedules of Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC.  However, for accounting purposes, certain of the repairs described above have been recorded by the Debtors for accounting purposes on the books of Deep Marine Technologies, Inc.

   vi. *Inventory.* Inventory owned by the Debtors is listed on supporting Schedule B-30. Such inventory is reflected at the carrying value of such inventory on the books and records of the Debtors.  The Debtors' primary inventory assets are spare parts for the vessels and other vessel equipment as well as fuel aboard the vessel.  The net book value of such assets may not approximate fair value.

vii.   *Other Personal Property (Prepaid Expenses).* Amounts set forth on supporting Schedule B-35 herein as "prepaid expenses" relate to miscellaneous expense items that were paid in advance as of the Petition Date, including amounts related to prepaid insurance and prepaid vessel storage.

viii.  *Property and Equipment-Leased.* In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including furniture, fixtures and equipment, from certain third-party lessors.  The Debtors have endeavored to set forth all such leases in the Schedules and Statements.  The property subject to leases is listed on Schedule G.  However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether it is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to all such issues.

ix.   *Insurance Policies.*  Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the company.  The Debtors' insurance policies generally are structured to provide coverage for their direct and indirect subsidiaries.  The Debtors maintain various policies of insurance, including, but not limited to, property, motor vehicle, workers' compensation, maritime employer liability, marine general liability, hull & machinery, and director and officer liability policies.  The Debtors do not maintain any insurance policies on any of their key executives whereby the Debtors are named beneficiaries.

b.   *Schedule D - Creditors Holding Secured Claims.*  Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim.  The descriptions provided in Schedule D are intended only to be a summary.  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens.  Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.  All claim amounts listed in the Schedules and Statements are based upon information as of December 4, 2009.  The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

c. *Schedule E – Creditors Holding Unsecured Priority Claims.*  The claims listed on the Debtor's Schedule E include claims owing to various taxing authorities to which the Debtor may potentially be liable.  However, certain of such claims may be subject to ongoing audits and as such are subject to revision. Schedule E additionally includes certain employee claims (subject to the $10,950 limit) owing as of the Petition Date as well as customer deposits held by the Debtors.  The Debtors have requested and have been granted by the Bankruptcy Court authority to pay certain pre-petition priority claims, including claims for wages and benefits.  The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.  All claim amounts listed in the Schedules and Statements are based upon information as of December 4, 2009.  The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

d. *Schedule F – Creditors Holding Unsecured Nonpriority Claims.*  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While best efforts have been made, the determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.  Certain creditors listed on Schedule F may be able to assert a secured or priority claim due the existence of valid Maritime Liens.  In these Schedules, the Debtor has made no attempt to identify or quantify such Maritime Liens.  The Debtors expressly reserve all rights to challenge any filed or unfiled Maritime Liens.  All claim amounts listed in the Schedules and Statements are based upon information as of December 4, 2009.  The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

e. *Pre-petition Obligations.*  The Debtors have requested that the Bankruptcy Court enter first day orders granting authority to the Debtors to pay certain pre-petition obligations to critical vendors, utilities, etc., in the ordinary course of business. Numerous general unsecured claims that are listed on Schedule E may be satisfied pursuant to such orders. Certain creditors may owe amounts to the Debtors and may have valid setoff and recoupment rights with respect to such amounts.  The Debtors have not reviewed the validity of any such setoff rights and hereby reserves all rights to challenge such setoff and recoupment right and the Debtors expressly reserve any right to challenge the creditor's right to set-off, recoup or net amounts owed against amounts that may be owed to the Debtors.

f.  *Pending Litigation.*  Schedule F contains information regarding pending litigation involving the Debtors.  The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed.

g.  *Disputed, Contingent and/or Unliquidated Claims.* Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated. A failure to designate a claim on any of these Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or status.

h.  *Schedule G – Executory Contract and Unexpired Leases.*  The businesses of the Debtors are complex. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.   The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.   Such rights, powers, duties and obligations are not set forth on Schedule G.   Certain of the executory agreements may not have been memorialized and could be subject to dispute.  Schedule G does not include stand-alone purchase orders.  Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.  Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.  The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.  The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

**7.  Statement of Financial Affairs**

a.  *Various Statements.*  Certain questions in the Statements request the Debtors to provide information for a certain time period prior to the Petition Date.  Unless

otherwise noted herein or elsewhere in the Statements, information provided by the Debtors is through December 4, 2009.

b.   *Statement 3(b) and 3(c) – Payments to Creditors*. All payments and transfers to creditors during the 90-day and one-year periods prior to the Petition Date are presented in the response to Statement Question 3(b) and 3(c) for each Debtor, as applicable.

c.   *Statement 4(a) - Suits and Administrative Proceedings*. Statement 4(a) contains information regarding threatened, pending, and settled litigation involving the Debtors. To the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor. However, because in many instances the Debtor that is the subject of the litigation is unclear or undetermined, the reader should review Statement 4(a) as well as Schedule F of each Debtor for a complete understanding of the litigation involving the Debtors.

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Southern District Of Texas

In re  Deep Marine 1, LLC                      ,

Case No. 09-39315_____

Chapter __11_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | N/A | | |
| B - Personal Property | Yes | 3 | $12,580,342.00 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $13,630,078.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 3 | | N/A | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | $229,482.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtors(s) | No | 0 | | | N/A |
| TOTAL | | 11 | $12,580,342.00 | $13,859,560.00 | |

B6A (Official Form 6A) (12/07)

In re   Deep Marine 1, LLC                                    ,                    Case No.   09-39315
          **Debtor**                                                                        **(If known)**

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

    If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |

   __1__   continuation sheets
        attached

| | |
|---|---|
| Subtotal ➤ (Total of this page) | N/A |
| Total ➤ | N/A |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re __Deep Marine 1, LLC_____,          Case No. __09-39315_____
       **Debtor**                                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None."  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.  If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

     **Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | ✔ | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | ✔ | | | |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others.. | ✔ | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | ✔ | | | |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | ✔ | | | |
| 6.  Wearing apparel. | ✔ | | | |
| 7.  Furs and jewelry. | ✔ | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | ✔ | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | ✔ | | | |
| 10. Annuities.  Itemize and name each issuer. | ✔ | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s).  11 U.S.C. § 521(c).) | ✔ | | | |

B 6B (Official Form 6B) (12/07)

In re Deep Marine 1, LLC_____,          Case No. 09-39315_____
         **Debtor**                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | ✔ | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | ✔ | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | ✔ | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | ✔ | | | |
| 16. Accounts receivable. | ✔ | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | ✔ | | | |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | ✔ | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | ✔ | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | ✔ | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | ✔ | | | |

B 6B (Official Form 6B) (12/07)

In re  Deep Marine 1, LLC_____,                    Case No. _09-39315_____
               **Debtor**                                                                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | ✔ | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | ✔ | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | ✔ | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | ✔ | | | |
| 26. Boats, motors, and accessories. | | DMT Diamond | | $12,580,342.00 |
| 27. Aircraft and accessories. | ✔ | | | |
| 28. Office equipment, furnishings, and supplies. | ✔ | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | ✔ | | | |
| 30. Inventory. | ✔ | | | |
| 31. Animals. | ✔ | | | |
| 32. Crops - growing or harvested. Give particulars. | ✔ | | | |
| 33. Farming equipment and implements. | ✔ | | | |
| 34. Farm supplies, chemicals, and feed. | ✔ | | | |
| 35. Other personal property of any kind not already listed. Itemize. | ✔ | | | |

_____3_____  continuation sheets attached              Total ▶     | $12,580,342.00 |
(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

B6D (Official Form 6D) (12/07)

In re  Deep Marine 1, LLC_____,     Case No. 09-39315_____
                   **Debtor**                                                                        **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

      State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

      List creditors in alphabetical order to the extent practicable.  If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  If all secured creditors will not fit on this page, use the continuation sheet provided.

      If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

      If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated."  If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

      Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule.  Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | Loan Agreement, DMT Diamond | | | | | |
| GE CAPITAL 60 WALL STREET NEW YORK, NY  10005 | | | | | | | $13,630,078.00 | |
| | | | VALUE $ | | | | | |

  1  continuation sheets attached

Subtotal ▶
(Total of this page)

Total ▶
(Use only on last page)

| | |
|---|---|
| $13,630,078.00 | $0.00 |
| $13,630,078.00 | $0.00 |
| (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B 6E (Official Form 6E) (12/07)

In re  Deep Marine 1, LLC _____,          Case No. 09-39315 _____
            **Debtor**                                                                 **(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[X]    Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

[ ]    **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]    **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]    **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]    **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

B 6E (Official Form 6E) (12/07)

In re Deep Marine 1, LLC _____,          Case No. 09-39315_____
           **Debtor**          **(If known)**

☐　　**Certain farmers and fishermen**

　　Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐　　**Deposits by individuals**

　　Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐　　**Taxes and Certain Other Debts Owed to Governmental Units**

　　Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐　　**Commitments to Maintain the Capital of an Insured Depository Institution**

　　Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C.  § 507 (a)(9).

☐　　**Claims for Death or Personal Injury While Debtor Was Intoxicated**

　　Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                 3    continuation sheet attached

B 6E (Official Form 6E) (12/07)

**In re** Deep Marine 1, LLC _____ ,        Case No. __09-39315_____
　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

**Type of Priority for Claims Listed on This Sheet**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** | | | | | | | | | |
| None | | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| Sheet no. 3 of 3 continuation sheets attached to Schedule of Creditors Holding Priority Claims | Subtotals ➤ (Total of this page) | N/A | N/A | N/A |
| | Total ➤ (Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.) | N/A | | |
| | Totals ➤ (Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | N/A | N/A |

B 6F (Official Form 6F) (12/07)

In re  Deep Marine 1, LLC _____,          Case No.  09-39315 _____
                    **Debtor**                                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition.  The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.  If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).  Do not include claims listed in Schedules D and E.  If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors.  If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent."  If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed."  (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions Above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | |
| DEEP MARINE TECHNOLOGY INC 20411 IMPERIAL VALLEY HOUSTON, TX 77073 | | | | | | | $229,482.00 |

_1_  continuation sheets
       attached

                                                             Subtotal ➤ | $229,482.00

                                                                Total ➤ | $229,482.00
                              (Use only on last page of the completed Schedule F.)
                        (Report also on Summary of Schedules and, if applicable on the Statistical
                                Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

**In re** _Deep Marine 1, LLC_____,    **Case No.**_09-39315_____
                    **Debtor**                                              **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If  a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

[X] Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT . | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| None | |

__1__ continuation sheets
       attached

B 6H (Official Form 6H) (12/07)

**In re** __Deep Marine 1, LLC_____,                    **Case No.** __09-39315_____
              **Debtor**                                                                          **(If known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| DEEP MARINE HOLDINGS INC<br>20411 IMPERIAL VALLEY<br>HOUSTON, TX 77073 | GE CAPITAL<br>60 WALL STREET<br>NEW YORK, NY  10005 |
| DEEP MARINE TECHNOLOGY INC<br>20411 IMPERIAL VALLEY<br>HOUSTON, TX 77073 | GE CAPITAL<br>60 WALL STREET<br>NEW YORK, NY  10005 |

__1__ continuation sheets
    attached

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re __Deep Marine 1, LLC_____,          Case No. __09-39315_____
        **Debtor**          **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

    I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __11__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                       **Debtor**

Date _____          Signature: _____
                                       (Joint Debtor, if any)

                                            [If joint case, both spouses must sign.]

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

    I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any,          Social Security No.
of Bankruptcy Petition Preparer          (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
 Address
X _____          _____
 Signature of Bankruptcy Petition Prepare          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

    I, the __John Hudgens__ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the __Deep Marine 1  LLC__ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __12__ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date __1-4-10_____          Signature: _____
                                             John Hudgens
                                         [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.