**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DEEP MARINE HOLDINGS, INC.,** | § | **Case No. 09-39313** |
| **et al.** | § | |
| | § | **Jointly Administered** |
| **Debtors.** | § | **Chapter 11** |

### GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY, AND DISCLAIMER REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements" and, collectively, the "Schedules and Statements") filed by Deep Marine Holdings, Inc., Deep Marine Technologies, Incorporated, Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC (collectively, the "Debtors"), in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), were prepared pursuant to 11 U.S.C. § 521 and Federal Rule of Bankruptcy Procedure 1007 by management of the Debtors with the assistance of its advisors and are unaudited. While the Debtors have made a reasonable effort to ensure that the Schedules and Statements are accurate and complete based on information that was available to them at the time of preparation, the subsequent receipt or discovery of information and/or further review and analysis of the Debtors' books and records may result in material changes to financial data and other information contained in the these Schedules and Statements, and inadvertent errors or omissions may exist. Moreover, the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") are incorporated by reference in the Schedules and Statements and comprise an integral part of each of the Schedules and Statements, and should be referred to and reviewed in connection with any review of the Schedules and Statements. Nothing contained in the Schedules and Statements shall constitute a waiver of rights or admission with respect to the Debtors' chapter 11 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of chapter 3 of the Bankruptcy Code and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable laws to recover  assets or avoid transfers.

1. **Company Background.**  The Debtors are privately-held companies in Houston, Texas that provide subsea services for the offshore oil and gas industry.  The Debtors offer remote operated vehicles ("ROVs"), subsea construction and field development works, subsea intervention tasks and inspection and repair services.

2. **Description of the Cases and "As Of" Information Date.** On December 4, 2009 (the "Petition Date"), the Debtors each filed a voluntary petition with the Bankruptcy Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") under case numbers 09-39313, 09-39314, 09-39315, 09-39316, 09-39317 and 09-39318. A request to consolidate the cases for procedural purposes only was filed and granted under Case No. 09-39313. The Debtors are currently operating their businesses as debtors-in-possession pursuant to the Bankruptcy Code.  Except as noted in the Schedules and Statements, all asset and liability data contained in the Schedules and Statements are stated in United States currency as of December 4, 2009. In some instances, the Debtors have used estimated amounts where actual data as of December 4, 2009 was not available.  As additional information becomes available and further research is conducted, the Debtors may modify the allocation of liabilities between pre-petition and post-petition periods.  While reasonable efforts were made to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend and/or supplement their Schedules and Statements as is necessary and appropriate.

3. **Basis of Presentation.** For financial reporting purposes, the Debtors prepare consolidated financial statements, which include financial information for Deep Marine Holdings, Inc. and all subsidiaries, which in the past have been audited. Unlike the consolidated financial information included in the Debtors' audited financial statements, the Schedules and Statements reflect the assets and liabilities of each Debtor based on their unaudited books and records. Each Debtor generally maintains its accounting records in accordance with Generally Accepted Accounting Principles ("GAAP") used in the United States. However, these Schedules and Statements, which are prepared in accordance with the Bankruptcy Code, do not purport to represent financial statements prepared in accordance with GAAP, nor or they intended to be fully reconciled to any consolidated or unconsolidated financial statements of the Debtors.

4. **Undetermined Amounts.**  The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

5. **Summary of Significant Reporting Policies.**  The Debtors use one cash management system through which the Debtors pay substantially all liabilities and expenses.  To close the books and records of the Debtors to prepare the Schedules and Statements, the Debtors were required to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosure of contingent assets, and the reported revenue and expenses during the reporting period. Actual results could differ from those estimates.   Certain receivable and payable amounts listed in the Schedules and Statements are accrued totals and have no bearing on actual recoverable or owed amounts.  In addition, the following conventions were adopted by the Debtors in the preparation of the Schedules and Statements:

   a. *Debtors.* While separate schedules and statements have been filed for each of the Debtors to the best of the Debtors' knowledge, information, and belief, not all intercompany balances and interests may be reflected in this manner.  Each Debtor's

Schedules and Statements were prepared using the assets and liabilities of that Debtor pursuant to that Debtor's accounting records. Certain of the information set forth in the Schedules and Statements has been prepared on a consolidated basis.

b. *Net Book Value*. Unless otherwise noted, the Schedules and Statements reflect the net book value of the assets and liabilities as listed in the Debtors' books and records as of December 4, 2009, and are not based upon any estimate of their current market values, which may not correspond to book value.  In addition, the amounts shown for certain assets and liabilities are identified as "unknown" or "undetermined" and, thus, ultimate assets and liabilities may differ materially from those stated in the Schedules and Statements.

a. *Foreign Currency.*  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

b. *Paid Claims.*  The Debtors have sought and have been granted authority to pay certain outstanding pre-petition claims pursuant to certain "first day" motions.  The Debtors reserve all rights to file amended Schedules and Statements to reflect payment of certain pre-petition claims pursuant to any authority granted to them by the Bankruptcy Court.

c. *Intercompany Receivables and Payables.* Each Debtor may have one or more intercompany receivable and/or payable amounts.  For purposes of the Schedules and Statements, intercompany claims have been grouped into the following categories:

    i. Intercompany Accounts Receivable/Payable – regular accounting transactions between debtor entities occurring during an intra-month period; and

d. *Insiders.*  The Debtor has included in Statements 3c and Statements 23 all payments made during the one year period preceding the Petition Date to any individual deemed an "insider."  The Debtor has defined "insider" as any individual that has served as either a corporate officer or director of a Debtor within the one-year period prior to the Petition Date.  Persons listed as "insiders" have been included for informational purposes only. The Debtor does not take any position with respect to (a) such person's influence over the control of the Debtor, (b) the management responsibilities or functions of such individual, (c) the decision-making or corporate authority of such individual, or (d) whether such individual could successfully argue that he or she is not an "insider" under applicable law.

e. *Categories or Labels for Purpose of Presentation in Schedules and Statements.* Information requested by the Schedules and Statements requires the Debtors to make judgments regarding the appropriate category in which information should be presented or how certain parties, claims or other data should be labeled.  The Debtors' decisions regarding the category or label to use is based on the best information available as of the filing of these Schedules and Statements and within the time constraints imposed.  The Debtors' reserve the right to modify, change or delete any information in the Schedules and Statements by amendment, including to the extent some information currently presented should be moved to a different category or labeled in a different way.

f. *Certain Questions in Statements for Information Relating to a Specified Time Period.* Certain questions in the Statements require to Debtors to present certain information for time periods as long as ten (10) years prior to the Petition Date. The Debtors' business originated in 2002. Thus, in responding to such questions that request information prior to that date, the Debtors have only listed items or transactions from the date of the formation of the Company.

g. *Net Operating Losses.* The Debtors may have NOLs in certain taxing jurisdictions the amounts of which are not included in the Statements and Schedules and no estimate of value has been provided.

## 6. Statements of Assets and Liabilities

a. *Schedule B – Personal Property.*

i. *Scheduling.* Certain personal property of the Debtors could arguably be listed in response to more than one Schedule B question. In such cases, the Debtors have endeavored to list such property once in the most appropriate category.

ii. *Stocks and Interest in Incorporated and Unincorporated Businesses.* Certain of the Debtors have ownership interests in other Debtors. All equity ownership of other Debtors affiliates are listed on supporting Schedule B-13. For purposes of these Schedules and Statements, the Debtors have listed the value of such investments as "Unknown" because the fair market value is dependent upon numerous variables and factors and may differ significantly from the net book value.

iii. *Accounts Receivable.* Trade accounts receivable are listed on supporting schedule B-16 and are shown net of the applicable allowance for uncollectable accounts.

iv. *Causes of Action and Other Contingent or Unliquidated Amounts Owed Debtor.* The Debtors have not set forth causes of action against third parties as assets on Schedule B. The Debtors reserve all of their rights with respect to any causes of action that they may have. Neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

v. *Property, Plant and Equipment.* Assets listed on supporting Schedules B-25, B-26, B-28 and B-29 for the various Debtors are reflected at net book value. Such amounts may not approximate fair market value for such assets. Items listed on Schedule B-26 for Deep Marine Technology, Inc. include capitalized dry dock repairs and certain capital build-out additions to the Debtors' four owned vessels. The remaining net book value of the initial capitalized purchase price of each of the four vessels are reflected on the Schedules of Deep Marine 1, LLC, Deep Marine 2, LLC, Deep Marine 3, LLC and Deep Marine 4, LLC. However, for accounting purposes, certain of the repairs described above have been recorded by the Debtors for accounting purposes on the books of Deep Marine Technologies, Inc.

vi. *Inventory.* Inventory owned by the Debtors is listed on supporting Schedule B-30. Such inventory is reflected at the carrying value of such inventory on the books and records of the Debtors. The Debtors' primary inventory assets are spare parts for the vessels and other vessel equipment as well as fuel aboard the vessel. The net book value of such assets may not approximate fair value.

vii. *Other Personal Property (Prepaid Expenses).* Amounts set forth on supporting Schedule B-35 herein as "prepaid expenses" relate to miscellaneous expense items that were paid in advance as of the Petition Date, including amounts related to prepaid insurance and prepaid vessel storage.

viii. *Property and Equipment-Leased.* In the ordinary course of their businesses, the Debtors lease real property and various articles of personal property, including furniture, fixtures and equipment, from certain third-party lessors. The Debtors have endeavored to set forth all such leases in the Schedules and Statements. The property subject to leases is listed on Schedule G. However, nothing in the Schedules or Statements is or shall be construed as an admission or determination as to the legal status of any lease (including whether it is a true lease or a financing arrangement) and the Debtors reserve all rights with respect to all such issues.

ix. *Insurance Policies.* Debtors maintain certain insurance policies essential to continued operations. The terms of these policies are characteristic of insurance policies typically maintained by corporate entities that are similar in size and nature to the company. The Debtors' insurance policies generally are structured to provide coverage for their direct and indirect subsidiaries. The Debtors maintain various policies of insurance, including, but not limited to, property, motor vehicle, workers' compensation, maritime employer liability, marine general liability, hull & machinery, and director and officer liability policies. The Debtors do not maintain any insurance policies on any of their key executives whereby the Debtors are named beneficiaries.

b. *Schedule D - Creditors Holding Secured Claims.* Except as otherwise agreed pursuant to a stipulation or agreed order or general order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument (including without limitation, any intercompany agreement) related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of any liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. All claim amounts listed in the Schedules and Statements are based upon information as of December 4, 2009. The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

c. *Schedule E – Creditors Holding Unsecured Priority Claims*.  The claims listed on the Debtor's Schedule E include claims owing to various taxing authorities to which the Debtor may potentially be liable.  However, certain of such claims may be subject to ongoing audits and as such are subject to revision. Schedule E additionally includes certain employee claims (subject to the $10,950 limit) owing as of the Petition Date as well as customer deposits held by the Debtors.  The Debtors have requested and have been granted by the Bankruptcy Court authority to pay certain pre-petition priority claims, including claims for wages and benefits.  The Debtors reserve the right to dispute or challenge whether creditors listed on Schedule E are entitled to priority claims.  All claim amounts listed in the Schedules and Statements are based upon information as of December 4, 2009.  The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

d. *Schedule F – Creditors Holding Unsecured Nonpriority Claims.*  Schedule F does not include certain deferred charges, deferred liabilities or general reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.  The claims listed in Schedule F arose or were incurred on various dates.  In certain instances, the date on which a claim arose is an open issue of fact.  While best efforts have been made, the determination of each date upon which each claim in Schedule F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for each claim listed on Schedule F.  Certain creditors listed on Schedule F may be able to assert a secured or priority claim due the existence of valid Maritime Liens.  In these Schedules, the Debtor has made no attempt to identify or quantify such Maritime Liens.  The Debtors expressly reserve all rights to challenge any filed or unfiled Maritime Liens.  All claim amounts listed in the Schedules and Statements are based upon information as of December 4, 2009.  The Debtors expressly reserve all rights to amend the Schedules and Statements accordingly with more updated information.

e. *Pre-petition Obligations.*  The Debtors have requested that the Bankruptcy Court enter first day orders granting authority to the Debtors to pay certain pre-petition obligations to critical vendors, utilities, etc., in the ordinary course of business.  Numerous general unsecured claims that are listed on Schedule E may be satisfied pursuant to such orders. Certain creditors may owe amounts to the Debtors and may have valid setoff and recoupment rights with respect to such amounts.  The Debtors have not reviewed the validity of any such setoff rights and hereby reserves all rights to challenge such setoff and recoupment right and the Debtors expressly reserve any right to challenge the creditor's right to set-off, recoup or net amounts owed against amounts that may be owed to the Debtors.

f.  *Pending Litigation.*   Schedule F contains information regarding pending litigation involving the Debtors.   The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated and disputed.

g.  *Disputed, Contingent and/or Unliquidated Claims.* Schedules D, E and F permit each of the Debtors to designate a claim as disputed, contingent and/or unliquidated. A failure to designate a claim on any of these Schedules as disputed, contingent and/or unliquidated does not constitute an admission that such claim is not subject to objection. The Debtors reserve the right to dispute, or assert offsets or defenses to, any claim reflected on these Schedules as to amount, liability or status.

h.  *Schedule G – Executory Contract and Unexpired Leases.*   The businesses of the Debtors are complex. While every effort has been made to ensure the accuracy of the Schedule of Executory Contracts, inadvertent errors or omissions may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.   The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letter and other documents, instruments and agreements which may not be listed therein. Certain of the real property leases listed on Schedule G may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional space and other miscellaneous rights.   Such rights, powers, duties and obligations are not set forth on Schedule G.   Certain of the executory agreements may not have been memorialized and could be subject to dispute.   Schedule G does not include stand-alone purchase orders.   Additionally, the Debtors may be parties to various other agreements concerning real property, such as easements, rights of way, subordination, non-disturbance, supplemental agreements, amendments/letter agreements, title documents, consents, site plans, maps and other miscellaneous agreements.   Such agreements, if any, are not set forth in Schedule G. Certain of the agreements listed on Schedule G may be in the nature of conditional sales agreements or secured financings.   The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease.   The Debtors reserve all of their rights, claims and causes of action with respect to the contracts and agreements listed on these Schedules, including the right to dispute or challenge the characterization or the structure of any transaction, document, or instrument.

## 7.  Statement of Financial Affairs

a.  *Various Statements.*   Certain questions in the Statements request the Debtors to provide information for a certain time period prior to the Petition Date.   Unless

otherwise noted herein or elsewhere in the Statements, information provided by the Debtors is through December 4, 2009.

b. *Statement 3(b) and 3(c) – Payments to Creditors.* All payments and transfers to creditors during the 90-day and one-year periods prior to the Petition Date are presented in the response to Statement Question 3(b) and 3(c) for each Debtor, as applicable.

c. *Statement 4(a) - Suits and Administrative Proceedings.* Statement 4(a) contains information regarding threatened, pending, and settled litigation involving the Debtors. To the extent that litigation involving a particular Debtor has been identified, such information is contained in the Schedules and Statements for that Debtor. However, because in many instances the Debtor that is the subject of the litigation is unclear or undetermined, the reader should review Statement 4(a) as well as Schedule F of each Debtor for a complete understanding of the litigation involving the Debtors.

B 7 (Official Form 7) (12/07)

# UNITED STATES BANKRUPTCY COURT

### Southern District of Texas

In re: Deep Marine 1, LLC _____,   Case No. 09-39315 _____
           Debtor                                            (if known)

## STATEMENT OF FINANCIAL AFFAIRS

       This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

       Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

       *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

       *'Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

    **1.   Income from employment or operation of business**

None


    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                AMOUNT                                   SOURCE

2

### 2. Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|

_____

### 3. Payments to creditors

None
☐

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|------------------------------|-------------------|-------------|--------------------|

None
☑

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|------------------------------|------------------------------|-----------------------------------|--------------------|

3

None


c. *All debtors:*  List all payments made within **one year** immediately preceding the commencement of this case
to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must
include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and
a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
| --- | --- | --- | --- |

_____

**4.  Suits and administrative proceedings, executions, garnishments and attachments**

None


a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately
preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include
information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated
and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
| --- | --- | --- | --- |

None


b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one
year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13
must include information concerning property of either or both spouses whether or not a joint petition is filed, unless
the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

_____

**5.   Repossessions, foreclosures and returns**

None


List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu
of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.
(Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both
spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

_____

4

**6.  Assignments and receiverships**

None 

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None 

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

_____

**7.  Gifts**

None 

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

_____

**8.  Losses**

None 

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY  INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

_____

5

**9.  Payments related to debt counseling or bankruptcy**

None

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

_____

**10.  Other transfers**

None

a.   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None

b.   List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

_____

**11.  Closed financial accounts**

None

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

_____

6

**12.  Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

_____

**13.  Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

_____

**14.  Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

_____

**15.  Prior address of debtor**

None ☐

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

See Attached List

_____

7

**16.  Spouses and Former Spouses**

None

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

_____

**17.  Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None

a.  List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law.  Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

b.  List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None

c.  List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

_____

**18 .  Nature, location and name of business**

None


a.  *.f the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

8

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*.f the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity  securities, within **six years** immediately preceding the commencement of this case.

*.f the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
☑      b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                              ADDRESS

_____

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director,  managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** .f the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

_____

**19.  Books, records and financial statements**

None
☐      a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                              DATES SERVICES RENDERED

See Attached List

None
☐      b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                              ADDRESS                              DATES SERVICES RENDERED

See Attached List

9

None ☐    c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

       NAME                                    ADDRESS

       **See Attached List**

None ☐    d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

       NAME AND ADDRESS                     DATE ISSUED

         **See Attached List**

_____

**20.  Inventories**

None ☑    a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

                                                         DOLLAR AMOUNT

                                                         OF  INVENTORY

             DATE OF INVENTORY        INVENTORY SUPERVISOR     (Specify cost, market or other basis)

None ☑    b.  List the name and address of the person having possession of the records of each of the inventories reported in a., above.

                                                        NAME AND ADDRESSES

                                                         OF CUSTODIAN

             DATE OF INVENTORY                               OF INVENTORY RECORDS

_____

**21 .  Current Partners, Officers, Directors and Shareholders**

None ☑      a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

       NAME AND ADDRESS            NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☐      b.    If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                       NATURE AND PERCENTAGE

          NAME AND ADDRESS                 TITLE             OF STOCK OWNERSHIP

       **See Attached List**

_____

10

**22 . Former partners, officers, directors and shareholders**

None 

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None 

b.  If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

_____

**23 . Withdrawals from a partnership or distributions by a corporation**

None 

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

_____

**24. Tax Consolidation Group.**

None ☐

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---------------------------|--------------------------------------|
| Deep Marine Holdings, Inc | 26-0261275 |

_____

**25. Pension Funds.**

None 

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|---------------------|--------------------------------------|

\* \* \* \* \* \*

Deep Marine 1 LLC
Case # 0939315

11

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____   Signature
of Debtor _____

Date _____   Signature of
Joint Debtor
(if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date   1-4-10                    Signature _____

Print Name and
Title   John Huchens CFO/Secret.

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

_____ continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____         _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer          Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____         _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

UNITED STATES BANKRUPTCY COURT

In re:  Deep Marine 1, LLC
Case No.  09-39315

**SOFA 15 SCHEDULE: Prior Address of Debtor**

If the debtor has moved within the 3 years immediately preceding the commencement of this case,
 list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.

| Location | Address | Name Used | Dates |
|----------|---------|-----------|-------|
|  | 9000 Jameel Road, Ste 190, Houston, TX 77040 |  | May 2006 - August 2008 |
|  | 4529 Brittmoore Road, Houston, TX 77041 |  | March 2004 - March 2009 |

UNITED STATES BANKRUPTCY COURT

In re:  Deep Marine 1, LLC
Case No.  09-39315

**SOFA 19abc SCHEDULE:  Books, records, and financial statements**

### A) LIST ALL BOOKKEEPERS AND ACCOUNTANTS WITHIN LAST TWO YEARS KEPT OR SUPERVISED RECORDS

| NAME | ADDRESS | Dates of Services Rendered |
|---|---|---|
| Anita Cutting | 20411 Imperial Valley, Houston, TX  77073 | July 2008 - current |
| Glenn Chasin | 711 Garrett Way, Sugar Land, TX 77479 | September 2007 - June 2008 |
| John Hudgens | 20411 Imperial Valley, Houston, TX  77073 | January 2008 - current |

### B) LIST FIRMS WHO HAVE AUDITED RECORDS LAST TWO YEARS

| NAME | ADDRESS | Dates Services Rendered |
|---|---|---|
| PriceWatehouseCoopers | 225 S 6th Street, Ste 1400, Minneapolis, MN 55402 | Fiscal Year 2008 |
| Fitts,Roberts & Co., P.C. | 5718 Westheimer, Ste 800, Houston, TX 77057 | Fiscal Year 2007 |

### C) LIST FIRMS/INDIVIDUALS WHO WAS IN POSSESSION OF RECORDS

| NAME | ADDRESS |
|---|---|
| John Hudgens | 20411 Imperial Valley, Houston, TX  77073 |
| Anita Cutting | 20411 Imperial Valley, Houston, TX  77073 |

UNITED STATES BANKRUPTCY COURT

In re:  Deep Marine 1, LLC
Case No.  09-39315

**SOFA 19d SCHEDULE:  BOOKS, RECORDS, AND FINANCIAL STATEMENTS:  LIST ALL WHO RECEIVED THEM IN LAST TWO YEARS**

| NAME | ADDRESS | DATES |
|------|---------|-------|
| Superior Energy Services, Inc | 601 Poydras Street, Ste 2400, New Orleans, LA 70130 | 9/1/2008 |
| VTS Systems | 99 Canal Center Plaza, Ste 210, Alexandria, VA | 3/1/2008 |
| Neptune Marine Services Limited | Level 16 140 St. Georges Tce, Perth, Western Australia 6000, Australia | 5/14/2009 |
| Amegy Bank of Texas | Accounts Receivable Finance Division - Robin Gutierrez | 1/6/2009 |
| ComVest Group | CityPlace Tower, 525 Okeechobee Blvd, Ste 1050, West Palm Beach, FL 33401 | 9/2/2009 |
| ROV Technologies, Inc | 6118 Ballina Canyon Ln, Houston, TX 77041 | 11/5/2009 |
| GE Capital Solutions | Global Restructuring Solutions - Dale Shores | 9/1/2009 |
| Wells Fargo Business Credit | 4975 Preston Park Blvd, Ste 270, Plano, TX 75093 | 9/25/2008 |
| Hallin Marine | No. 35 Loyang Crescent, #03-00 Admiralty International Building, Singapore 509012 | 5/13/2009 |
| Simmons & Company Intl | 700 Louisiana, Ste 1900, Houston, TX 77002 | 3/27/2009 |
| National City, Now part of PNC | 200 South Wacker Drive, Ste 600, Chicago, IL 60606 | 8/12/2009 |

UNITED STATES BANKRUPTCY COURT

In re:  Deep Marine 1, LLC
Case No.  09-39315

**SOFA 21 A,B SCHEDULE:  CURRENT PARTNERS, OFFICERS, DIRECTORS, AND SHAREHOLDERS**

**A. Partnership**

| NAME | ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------|---------|-------|------------------------------------------|
| N/A  |         |       |                                          |

**B- CORPORATION**

| NAME | ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------|---------|-------|------------------------------------------|
| John Hudgens | 20411 Imperial Valley Drive, Houston, TX 77073 | Secretary | 0% |
| Deep Marine Technology, Inc | 20411 Imperial Valley Drive, Houston, TX 77073 | Shareholder | 100% |